OPINION
Plaintiff-appellant James Sweet appeals the September 15, 2000 Dismissal Entry entered by the Richland County Court of Common Pleas, granting defendant-appellee Rosella Sweet's Motion to Dismiss, and dismissing his complaint in its entirety.
 STATEMENT OF THE FACTS AND CASE
On May 17, 2000, appellant filed an Application Requesting a Temporary Restraining Order and/or Preliminary Injunction, pursuant to Civ.R. 65(A) and (B). Specifically, appellant requested the trial court issue an order directing appellee to abstain from "any" sexual contact, and not to negligently or recklessly infect others with the contagious, sexually transmitted disease, with which appellee allegedly infected appellant. Appellee filed an answer, setting forth a general denial of all the allegations. Additionally, appellee asserted the affirmative defense of failure to state a claim. Appellant filed a Request to Consolidate [Appellee's] Divorce and [Appellant's] Personal Injury on June 13, 2000. Three days later, on June 16, 2000, appellant filed a document labeled "Special Damages and Settlement Demand." On July 14, 2000, appellant filed Interrogatories for Personal Injury Claim and Request for [Appellee's] Voluntary Answers. Via Judgment Entry on Motion of [Appellant], the trial court overruled appellant's motion to consolidate, noting, "The parties' domestic relations case is before a different division of this court and cannot be consolidated with this personal injury action before this court." August 1, 2000 Judgment Entry. On August 18, 2000, appellee filed a Motion to Dismiss, contending appellant did not have standing to bring the action for injunctive relief and had failed to state a claim upon which relief could be granted. Appellant filed a memorandum in opposition on August 24, 2000. Via Dismissal Entry filed September 15, 2000, the trial court granted appellee's motion to dismiss, finding appellant lacked standing to maintain a private action for injunctive relief under R.C. 3701.81, which prohibits persons from knowingly spreading contagious diseases. It is from this judgment entry appellant prosecutes his appeal, raising as his sole assignment of error:
 THE TRIAL COURT'S ATTITUDE IS UNREASONABLE, ARBITRARY AND AN ABUSE OF DISCRETION IN DISMISSING APPELLANTS [SIC] "PERSONAL INJURY CLAIM" IN WHICH APPELLANT FILED FOR DAMAGES FOR HIMSELF IN THE SUM OF $500,000.00 FROM APPELLEE, WHO RECKLESSLY, NEGLIGENTLY AND INTENTIONALLY INFECTED APPELLANT WITH THE INCURABLE SEXUALLY TRANSMITTED VENEREAL DISEASE "CONDYLOMATA ACUMINATA."
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Herein, appellant maintains the trial court abused its discretion in dismissing his complaint. Specifically, appellant takes issue with the trial court for "erroneously neglecting the fact that appellant in fact filed [a personal injury claim]." Brief of Appellant at 6. On May 26, 2000, the trial court issued a scheduling conference order. This order, which is a standardized form, contains the following generic language: This scheduling conference will be conducted by the Court Administrator or Referee and may be held by telephone upon the condition that the court and opposing counsel is notified. The purpose of this scheduling conference is to identify issues for trial and to establish a schedule for disposition of the case. Counsel shall be prepared to discuss pleadings and issues in the case, discovery yet to be accomplished and the time needed for discovery, pending or anticipated motions, settlement proposals, and trial dates and time required for trial. Attorneys shall bring their calenders to the conference to facilitate scheduling. In a personal injury case, plaintiff(s) shall provide documentation of special damages and a settlement demand to defendant(s) at least five (5) days prior to the conference, and defense counsel shall discuss that settlement demand with defendant(s). [Italicized emphasis added].
Appellant interprets the final sentence of the afore quoted paragraph to support his argument the trial court construed his complaint as one for personal injury. Appellant asserts he followed the directives of the scheduling conference order by filing his document labeled "Special Damages and Settlement Demand." In other words, appellant contends because he sought damages, he properly plead a personal injury claim and the trial court improperly dismissed his complaint in contravention of Mussivand v. David (1989), 45 Ohio St.3d 314. Although appellant filed his request for special damages and settlement demand in response to the May 26, 2000 scheduling conference order, such document does not constitute a pleading. Appellant's complaint sought a temporary restraining order and/or preliminary injunction. Neither the complaint nor any subsequent filing by appellant properly plead a personal injury claim. Despite the trial court's erroneous reference in its August 1, 2000 Judgment Entry to appellant's action as a "personal injury action," and appellant's filings relative to a personal injury action, such does not serve to convert his complaint, seeking injunctive relief, into a complaint for personal injury and damages. Appellant's sole assignment of error is overruled.
The judgment of the Richland County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur